UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **NATALIE M MANUEL** | **CASE NO.  6:23-CV-01044** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOUISIANA WORKFORCE COMMISSION** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by defendant Louisiana Workforce Commission ("the Commission").  (Rec. Doc. 7).  Plaintiff Natalie Manuel opposes the motion. (Rec. Doc. 11). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the Commission's motion be DENIED.

### Factual Background

Manuel is a former employee of the Commission, hired in 2019 in the position of Workforce Development Specialist 3.  (Rec. Doc. 1-1 at ¶ 3).  Manuel was fired on April 29, 2022, and filed suit against LWC on April 6, 2023 in the Fifteenth Judicial District Court for Lafayette Parish, Louisiana, alleging that her termination was the result of discrimination based on her African American race and retaliation for her filing of a complaint with LWC's Equal Opportunity & Compliance Division ("EOCD").  (*Id.* at ¶¶ 4, 9, 12).

The Commission removed Manuel's suit to this Court on August 4, 2023.  (Rec. Doc. 1).  After obtaining an extension of time in which to file its answer, the Commission filed the instant motion. (Rec. Doc. 7).  The motion was noticed for briefing and is now properly before this Court for review.  (Rec. Doc. 8).

## Applicable Standard(s)

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004)).

## Analysis

The undersigned has carefully reviewed Manuel's complaint and finds that it adequately pleads facts which, taken as true for the purposes of this motion, would support a judgment in her favor as to her claims of race-based employment discrimination and retaliatory discharge. The Commission's motion seeks to impose what the undersigned views

as a summary judgment standard on Manuel's complaint, which is inappropriate within the context of a Rule 12(b)(6) challenge. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (no requirement that a complaint contain "detailed factual allegations" to meet the requirements of Rule 8(a)(2) or to survive a Rule 12(b)(6) challenge) (internal citations omitted). Manuel's opposition correctly notes that, no matter whether her claims are sufficient to survive any eventual summary judgment challenge, dismissal under Rule 12(b)(6) would be inappropriate based on the complaint before the Court.

Additionally, the Commission's motion indicates that it is fully apprised of the nature of Manuel's claims in this suit under Title VII and Louisiana tort law. Fed. R. Civ. P. 8(a)(2); *Abshire v. Boudreaux*, 2018 WL 5316934 (W.D. La. 10/26/2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)). As to Manuel's race-based discrimination claim, her complaint alleges she was subjected to disparate treatment as compared with other non-African American coworkers and suffered diminished mental and physical health as a result of the Commission's actions. (Rec. Doc. 1-1 at ¶¶ 4–5). Regarding Manuel's Title VII retaliatory discharge claim, the complaint alleges that she filed a complaint with the Commission's EOCD on or about December 6, 2021 concerning the instances of disparate treatment she experienced, that upon her return from medical leave in April of 2022 the EOCD issued its finding that Manuel's allegations "do not support a claim of race based discrimination[,]" and that Manuel was fired approximately ten days after her return from medical leave. (*Id.* at ¶¶ 9–12).

Based on the foregoing, the undersigned does not find a basis for dismissal of Manuel's claim under the standards applicable to Rule 12(b)(6) challenges.

3

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss brought by defendant Louisiana Workforce Commission be DENIED in all respects. (Rec. Doc. 7).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 25th day of June, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**