**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **NATALIE M. MANUEL** | **CASE NO. 6:23-CV-01044** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOUISIANA WORKFORCE COMMISSION** | **MAGISTRATE JUDGE DAVID J. AYO** |

# RULING

Before the Court is a Motion to Dismiss submitted by Defendant, the State of Louisiana through the Louisiana Workforce Commission, Office of Workforce Development ("Commission" or "Defendant") [ECF No. 58], and a Motion for Leave to file a sur-reply submitted by Plaintiff, Natalie M. Manuel ("Manuel" or "Plaintiff") [ECF No. 64]. Pursuant to its motion to dismiss, Defendant seeks dismissal of all remaining claims asserted against it by Plaintiff. Plaintiff opposes the motion, and Defendant has filed a reply.[1] For the reasons that follow, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

## I. BACKGROUND

As set forth in the Petition, Plaintiff, an African American female, began her employment with Defendant on or about December 2019.[2] She alleges that from July through November of 2021, "Defendant, through its agents, supervisors and/or managers, treated [her] differently than Defendant treated other non-African American similarly situated employees."[3] More particularly, she alleges Defendant accused her of causing workplace conflict, refused her requests to allow her to collaborate with other colleagues, forced her to perform the duties and responsibilities of other

---

[1] ECF Nos. 62, 63.
[2] ECF No. 1-1 at 1.
[3] *Id.*

employees, ignored her requests for assistance, accused her of engaging in bullying and verbally abusive behavior, refused her access to equipment necessary to perform her work, and refused her access to the office bathroom.[4] Plaintiff alleges Defendant's mistreatment negatively impacted her health, leading to her physician recommending she take a medical leave of absence.[5]

On November 29, 2021, Plaintiff submitted a request for leave under the Family and Medical Leave Act ("FMLA"). Thereafter, her leave "was provisionally granted and scheduled to begin on December 6, 2021."[6] However, when Plaintiff informed her supervisor, Nancy Parker, about her leave, Ms. Parker "pressured Ms. Manuel to forgo her schedule [sic] leave . . . to attend a three-day training class" taking place from December 15 through December 17, 2021.[7] "As a result, Ms. Manuel's FMLA leave was delayed until December 20, 2021."[8] On December 1, 2021, after being pressured by Parker to delay her leave, Plaintiff submitted a request to transfer her employment to Defendant's Opelousas office, but her transfer request was ignored.[9] On December 6, 2021, Plaintiff submitted a formal complaint to Defendant's Equal Opportunity & Compliance Division ("EOCD") "detailing her belief that she had been the subject of discriminatory mistreatment on the job because of her race."[10]

Plaintiff began her FMLA leave on December 20, 2021, and returned to work in March 2022.[11] On April 19, 2022, the EOCD issued a formal response to Plaintiff's discrimination complaint, concluding that Plaintiff's allegations do not "support a claim of race based

---

[4] ECF No. 1-1 at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 2–3.
[11] *Id.* at 3.

discrimination."[12] On April 29, 2022, Defendant terminated Plaintiff's employment.[13] Thereafter, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue.[14]

On April 10, 2023, Plaintiff filed suit against Defendant in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana.[15] While Plaintiff does not identify the legal theory or theories supporting her claims,[16] she does allege she is "a member of a protected class based on her race," and that she "suffered an adverse employment action for opposing workplace discrimination."[17] She additionally alleges that Defendant is "liable for the conduct of its managers, employees and/or agents, under the doctrine of Respondeat Superior," because all of the conduct complained of "occurred in the course and scope of such managers', employees' and/or agents' respective work duties."[18] Defendant thereafter removed the suit to this Court on the basis of federal question jurisdiction.[19]

On September 5, 2023, Defendant filed a motion to dismiss for failure to state a claim, arguing all claims should be dismissed because Plaintiff had "failed to state a claim under Title VII of the Civil Rights Act of 1964," in that she had "failed to sufficiently plead the essential elements of an employment discrimination and retaliation claim."[20] Magistrate Judge Ayo issued a Report

---

[12] ECF No. 1-1 at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 1.
[16] *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) ("[I]t is unnecessary to set out a legal theory for the plaintiff's claim for relief") (quoting 5 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FED. PRAC. & PROC. § 1219 (3rd ed. 2004)); *but see Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 925–27 (5th Cir. 2022) (claim which is not raised in the complaint, but rather, in response to a motion for summary judgment is not properly before the court).
[17] ECF No. 1-1 at 3.
[18] *Id.*
[19] ECF No. 1 at 2 (citing Title VII of the Civil Rights Act of 1964).
[20] ECF No. 7 at 1 (additionally arguing Plaintiff's state law claims should be dismissed, as Plaintiff had "failed to establish a *respondeat superior*/vicarious liability claim.").

and Recommendation, subsequently adopted by the undersigned, finding Plaintiff adequately set forth her Title VII discrimination and retaliation claims, as well as her corresponding state law claims.[21]

On October 23, 2025, Defendant filed a motion for summary judgment seeking dismissal of all claims.[22] Thereafter, Plaintiff voluntarily dismissed her race discrimination claims.[23] In response to Defendant's summary judgment argument that Plaintiff's retaliation claim under Title VII was time-barred, Plaintiff argued her retaliation claim could be pursued under 42 U.S.C. § 1981, which she alleged has a four-year statute of limitations.[24] At oral argument, Plaintiff argued she had additionally pled an FMLA retaliation claim, which was not addressed by Defendant's motion.[25] The Court granted Defendant's motion for summary judgment to the extent it sought dismissal of Plaintiff's claims of retaliation brought pursuant to state law and Title VII.[26] The Court additionally granted leave to Defendant to file a motion to dismiss with regard to Plaintiff's § 1981 claim, as well as her FMLA retaliation claim.[27]

Defendant now seeks dismissal of Plaintiff's remaining claims—*i.e.*, retaliation under § 1981 and the FMLA—arguing it is immune from liability for these claims, Plaintiff has failed to state a retaliation claim under either statute, any amendment of Plaintiff's complaint would be futile, any amendment to set forth an FMLA-retaliation claim would not relate back to the original pleading, and any amendment of the FMLA claim would be highly prejudicial to Defendant. After

---

[21] ECF No. 18; *see also* ECF No. 19.
[22] ECF No. 39.
[23] ECF Nos. 42, 44.
[24] ECF No. 47 at 2, 4.
[25] Oral argument on the motion was held at the final pretrial conference, which took place twelve days before trial was set to commence. ECF Nos. 31, 57. Up until that time, Plaintiff had never explicitly stated she was asserting a claim for retaliation under the FMLA. *See e.g.* ECF Nos. 1-1, 47–49.
[26] ECF No. 57.
[27] *Id.*

the motion was fully briefed, Plaintiff filed a Motion for Leave to file a sur-reply. As all of Plaintiff's arguments set forth in the proposed sur-reply could and should have been raised in her opposition to the motion to dismiss, leave is DENIED.[28]

## II.
## STANDARD OF REVIEW

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction—Rule12(b)(1)

Motions filed under FED. R. CIV. P. 12(b)(1) permit a party to challenge a court's subject-matter jurisdiction to hear a case. A district court may dismiss an action for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[29] The burden of proof is on the party asserting jurisdiction.[30] "At the motion-to-dismiss stage, this means 'alleg[ing] a plausible set of facts establishing jurisdiction.'"[31]

### B. Motion to Dismiss for Failure to State a Claim—Rule 12(b)(6)

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam.[32] Such a motion "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[33] To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a

[28] *See e.g. Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024); *Cuellar v. Rodriquez*, 23-CV-00237, 2023 WL 6135685, at *1 (W.D. Tex. Sept. 19, 2023); *Eytalis v. Nat'l Ass'n of Realtors*, 24-CV-00147, 2025 WL 2094035, at *1 (N.D. Tex. Feb. 24, 2025).
[29] *Willoughby v. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[30] *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist").
[31] *McMahon* at 270 (alteration in original) (quoting *Physician Hosps. of Am. v. Sebelius*, 691 F3d 649, 652 (5th Cir. 2012)).
[32] *Ramming*, 281 F.3d at 161.
[33] *Id.* at 161–62.

claim to relief that is plausible on its face.[34] The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] Although a complaint does not need detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[36] A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements" will not suffice.[37] Likewise, a complaint that tenders "naked assertions devoid of further factual enhancement" will not survive a Rule 12(b)(6) motion.[38]

When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[39] However, this tenet does not apply to conclusory allegations, unwarranted deductions, or legal conclusions couched as factual allegations, as such assertions do not constitute "well-pleaded facts."[40] In considering a Rule 12(b)(6) motion, the district court generally "must limit itself to the contents of the pleadings, including attachments thereto."[41]

---

[34] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level," and not merely create "a suspicion [of] a legally cognizable right of action.") (quoting 5 CHARLES ALAN WRIGHT & ARTHUR P. MILLER, FED. PRAC. & PROC. § 1216 (3d ed. 2004)).

[36] *Iqbal* at 678.

[37] *Twombly*, 550 U.S. at 555.

[38] *Iqbal* at 678 (internal quotation marks, alterations omitted) (quoting *Twombly* at 557).

[39] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted); *see also Iqbal* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")

[40] *Twombly* at 555; *Iqbal* at 678.

[41] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## III.
## ANALYSIS

### A. FMLA Retaliation

Defendant argues for the dismissal of Plaintiff's FMLA retaliation claim not only because Plaintiff failed to plead such a claim, but also because "the Commission, a state agency which employed the Plaintiff at the time the leave was taken, is immune under its Eleventh Amendment sovereign immunity, barring self-care claims against it under the FMLA."[42] Plaintiff responds that Defendant had notice of this claim, and that she "had no reason to believe that Defendant would not waive its immunity from liability."[43]

The Eleventh Amendment to the United States Constitution prevents a state from being sued in federal court by its own citizens, citizens of other states, and foreign nations.[44] "When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."[45] Nevertheless, there are circumstances in which Eleventh Amendment immunity is waived. "First, Eleventh Amendment immunity may be abrogated by Congress as a means of enforcing the Fourteenth Amendment. Second, a state may waive its immunity by voluntarily consenting to suit."[46] When a state removes a case to federal court, it "voluntarily invoke[s] the jurisdiction of the federal courts and waive[s]

---

[42] ECF No. 58-1 at 7.

[43] ECF No. 62 at 7.

[44] U.S. Const. amend. XI; *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307 (5th Cir. 2001) (citing *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)).

[45] *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 280–81 (5th Cir. 2002) (citing *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)); *see also Chaney v. Louisiana Work Force Com'n*, 560 Fed.Appx. 417, 418 (5th Cir. 2014); LA. STAT. ANN. § 23:1; LA. STAT. ANN. § 36:4(A)(6).

[46] *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005)).

its immunity from suit in federal court."[47] Accordingly, when Defendant removed Plaintiff's suit to this Court, it voluntarily waived its immunity from *suit* in federal court. Whether Defendant retains a separate immunity from *liability* is determined by Louisiana law.[48] A state has retained immunity from liability if it would have immunity against plaintiff's claims were they adjudicated in state court.[49]

The FMLA allows eligible employees to take leave to address a family member or the employee's own "serious health condition."[50] "Leave taken under the FMLA to care for a family member is often labeled 'family-care' leave; leave taken to address an employee's own health condition is frequently referred to as 'self-care' leave."[51] The Supreme Court has held that states retained their sovereign immunity for FMLA claims brought under the self-care provision.[52] The Louisiana Supreme Court has held that Louisiana has not waived its immunity from liability under the Family and Medical Leave Act.[53] Accordingly, Defendant's immunity serves as a bar to recovery of damages from claims asserted under the self-care provision of the FMLA.[54] Accordingly, Plaintiff's FMLA claim must be dismissed with prejudice.[55]

[47] *Meyers*, 410 F.3d at 255 (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002)).
[48] *Id.*
[49] *Pegues v. Bd. of Supervisors of Louisiana State Univ. and Agric. and Mech. Coll.*, 2019 WL 1544366, *4 (E.D. La.)
[50] 29 U.S.C. § 2612(a)(1)(C), (D).
[51] *Bryant v. Texas Dep't of Aging & Disability Servs.*, 781 F.3d 764, 768 (5th Cir. 2015) (citing *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 34 (2012)).
[52] *Coleman*, 566 U.S. at 37 ("Standing alone, the [FMLA] self-care provision is not a valid abrogation of the States' immunity from suit."); *see also Bryant v. Texas Dept. of Aging and Disability Services*, 781 F.3d 764, 769 (5th Cir. 2015).
[53] *Holliday v. Bd. of Supervisors of LSU Agric. and Mech. Coll.*, 2014-0585 (La. 10/15/14), 149 So.3d 227, 228–29; *see also Fletcher v. Louisiana Dep't of Transp. and Dev.*, 19 F.4th 815, 818 (5th Cir. 2021).
[54] *Fletcher*, 19 F.4th at 819.
[55] *Harris v. Louisiana Off. of Juvenile Justice*, 2019 WL 2617175, *4 (E.D. La.) ("The Court's dismissal of plaintiff's federal claims on the basis of defendant's immunity from liability is not jurisdictional and instead constitutes an adjudication on the merits.").

**B. Section 1981 Retaliation**

Defendant likewise argues for the dismissal of Plaintiff's § 1981 retaliation claim not only because Plaintiff failed to plead such a claim, but also because it is immune from liability on this claim. Plaintiff again argues Defendant had notice of this claim, and that she "had no reason to believe that Defendant would not waive its immunity from liability."[56] Congress has not abrogated state sovereign immunity for § 1981 claims.[57] As such, the Court finds Defendant is immune from liability for Plaintiff's § 1981 retaliation claim.

Further, Plaintiff has failed to state a claim under § 1981. It is established that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted,"[58] and "[t]he same can be said of the various arms of state government."[59] It is also established that § 1981 does not provide a separate cause of action against state actors, and that a plaintiff "must assert a cause of action against state actors under § 1983 to remedy violations of civil rights under § 1981."[60] Here, as an arm of the state and therefore not a "person," Defendant cannot be sued under Section 1983. Thus, Plaintiff's § 1981 claim against Defendant must be dismissed with prejudice.

---

[56] ECF No. 62 at 3, 7.

[57] *Ukpong v. Int'l Leadership of Texas*, 21-11111, 2022 WL 6935140, *3 (5th Cir. Oct. 12, 2022) (citing *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *see also Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (holding the Eleventh Amendment generally deprives federal courts of "jurisdiction over suits against a state [or] a state agency").

[58] *Lapides*, 535 U.S. at 617 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989)).

[59] *Cheramie v. Tucker*, 493 F.2d 586, 588 (5th Cir. 1974) (citing *Bennett v. People of California*, 406 F.2d 36 (9th Cir. 1969)).

[60] *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 462–63 (5th Cir. 2001) (expressly rejecting the argument that the 1991 amendments to § 1981 created an independent cause of action against state actors); *Washington v. City of Gulfport, Miss.*, 351 F. App'x 916, 918–19 (5th Cir. 2009) ("In *Oden* . . . , this court held that '§ 1981 implicitly created an independent cause of action against *private* actors because no other statute created such a remedy,' but that 'Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law'") (citing *Oden* at 463).

## IV.
## LEAVE TO AMEND COMPLAINT

Plaintiff contends "should Defendant fail to waive its immunity from liability, Plaintiff should be allowed, in the interest of justice, to amend her complaint and allege the various other claims that are supported by the allegations in her complaint, namely, detrimental reliance."[61] A court should "freely give leave [to amend] when justice so requires."[62] The movant must "give the court at least some notice" of what the amendments would be and how those amendments would "cure the initial complaint's defects."[63] Therefore, courts may deny leave where "the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured."[64] "Denial is also justified in cases of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment."[65] "An amendment is futile if 'the amended complaint would fail to state a claim upon which relief could be granted.'"[66]

Plaintiff gives no indication of how amendment of the complaint would cure the deficiencies noted in the Court's Rulings. Rather, she intends to amend the complaint to add a new independent claim—detrimental reliance. Her conclusory statement that she would add a claim of detrimental reliance is devoid of any factual specificity. It does not identify any particular defendant or any facts supporting such a claim. Accordingly, leave to amend is denied.

---

[61] ECF No. 62 at 8.
[62] FED. R. CIV. P. 15(a)(2).
[63] *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam), *as revised* (Nov. 26, 2021).
[64] *Id.* (citing *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002)).
[65] *Nix v. Major League Baseball*, 62 F.4th 920, 935 (5th Cir. 2023) (quoting *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014)).
[66] *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000).

## IV.
## CONCLUSION

For the reasons set forth in this Ruling, Plaintiff's Motion for Leave to file a sur-reply [ECF No. 64] is DENIED, Defendant's Motion to Dismiss [ECF No. 58] is GRANTED, and all claims asserted by Plaintiff are DISMISSED WITH PREJUDICE.

THUS DONE in Chambers on this 29th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE